Mr. Reed. Good afternoon. May it please the court. My name is Larry Reed. I'm here representing Houston Oliver. I'm going to address, I guess, the first issue. Could you speak up a little bit? Certainly. Thank you. I will address the issue related to Rule 48A first. We have raised a number of issues in the brief, but that one I set forth at the beginning of the brief. We're asking this court to reverse the district court in its decision to deny our motion and ask that the court grant a dismissal with prejudice. Rule 48A does allow for a dismissal with leave of court. In this case, there was a motion filed by the U.S. attorney, and we had no opportunity to participate or have any input in the hearing. There were no findings made. He had no opportunity to be present. There was no due process afforded to my client. He had the right to be present at critical stages of the proceedings. Is there anything in Rule 48 that requires that? It says, with leave of court, my assumption. Well, let's put it this way. With leave of court requires that there be a hearing. The Rule 48 does not expressly contain that provision, but it's a criminal proceeding. There's a presumption in all criminal proceedings that an individual has an opportunity to be present and to be heard. And he did not have the filing of a superseding indictment. That's done all the time without notice to the defendants, isn't it? Well, it's not at the trial stage of the proceeding. This case was pending before the court. An indictment had been issued at the time. He was awaiting trial. The dismissal occurred just before trial. It's not like a superseding indictment where a defendant obviously has no opportunity to be present, has no right to be there. But a defendant has a right to be present at all stages of the proceedings in a criminal case, and he didn't have that opportunity. So what would the prejudice be? The prejudice would be that, one, he'd have to come back and stay in trial. Not because the case got dismissed. That's not the opposite. The prejudice would be that the prejudice in this particular case was because he was not present at the time of the hearing to insist upon the court making a determination as to the basis for the government's motion to dismiss. If a motion was filed, normally you contemplate when a motion is filed that we'll have an opportunity to be present and respond. The court did not make a determination as to whether or not there was prejudice. It did not make a determination as to whether or not there was prosecutorial harassment, whether there was dismissing and recharging. The court made no findings whatsoever. It just simply dismissed the indictment on the exact same day that the motion was filed. And so we, the court also, in the cases I've read, one of the issues that the court has to determine is whether or not the dismissal is in the public interest and whether there is prejudice. And the court needs to make that finding before it makes a decision on the motion. It's not up to the defendant to come back after the fact and try to allege prejudice. But even the arguments with respect to bad faith, they need to be made at the time that the motion is made. The cases that I've read indicate that. I had not seen any cases where it did not appear as if the opposing party did not have an opportunity to appear and be present. And so in this case, he did not have the opportunity to appear and be present, and he could not be heard to insist upon the court making a determination as to these issues. There was no finding of fact made as to anything. It was just simply a dismissal. And I would submit that findings, if you assume that we don't have a right to be there, at least there ought to be findings from the court indicating why it made its decision. There was no affidavit. There was nothing to indicate why he did it other than the government wanted to do it. But again, it seems... But the government doesn't have to have a reason. That's the whole point of our opinion in Zavala, is that whether to charge and whether not to charge or dismiss charges is the almost unlimited discretion of the executive branch. The executive branch has discretion. However, the executive branch does not have discretion in this case. 48A says the dismissal must be with leave of the court, which contemplates at least some consideration by the court as to the issues that I just talked about. So what would you have argued had you been given an opportunity to appear? I'd ask that the court make a finding as to all of these issues that are here. What argument would you have made that it's in bad faith or that it's against the public interest? I did not. The argument that's cited in the government's brief and what the district court relied upon, that's not an argument I made. I indicated to the court that the court's obligation is to make a determination as to whether or not those things existed. Had you been given an opportunity to appear, what argument would you have made that this is a bad faith dismissal or that it's against the public interest? That is not the only thing that I could have argued. I could have also argued prejudice, which would have been the fact that the case was getting ready to be tried next week, and all of a sudden the case is being dismissed. Would you really have made that argument? And that's why I'm saying that it's not incumbent upon me. It's not the defendant's obligation to make a record showing that it has met the government's burden. The government has to meet the burden to show that it met all of the requirements that are generally would be. . . I think many defense attorneys would find it a positive day to find out the charges. I'm sorry? I think many defense counsel would find it a positive thing that the court dismissed even if without prejudice. If the charges are dismissed, your clients. . . I did find it to be a positive thing until the government decided they were going to come back and do it again. And so in that situation, you know, we come back and we ask that the court dismiss it because of the issues that we brought here to you. And so . . . So what was the prejudice argument at that point? What's your prejudice argument now that it was prejudicial to allow the government to refile? I think the prejudice argument should have been made at the time the government made . . . that the district court made its determination to dismiss the case, not after the fact. Well, it would seem that at least an appropriate place to make the argument would be when your client is put back in jeopardy with the new indictment. At that point, if the intervening time has caused you to lose evidence, evidence bulliation, there have been witnesses pass on, there have been things that would now make it inadvantageous to have to try the case. The reason I'm hesitating is because of what I understand to be the obligation to rely upon what's in the record. And so I can't make up arguments here now about what I could have said or might have said at the time. Not even at that time, just what's your prejudice argument to us? The prejudicial argument now is that had he gone to trial at that time, he would have had an attorney that was not impaired by five brain tumors. He would have had an attorney that was attentive in court, an attorney who could have represented him at trial without the physical impairment associated with the physical condition that existed at the time the case went to trial. And I'm looking at my time. And that goes to the arguments that I made in the brief with respect to effective assistance of counsel. So I'll reserve at least one minute. Thank you, Mr. Reed. Ms. Bell? May it please the court, counsel, I'm Assistant United States Attorney Leigh Ann Bell, representing the United States on this appeal. I was also trial counsel in this matter below. I intend to respond briefly to Mr. Reed's arguments and the questions and issues raised by the court, but otherwise I intend to rest on my briefing in this matter. With respect to the dismissal pursuant to Rule 48, I want to be clear about a couple of things that were addressed in the briefs. First of all, this motion was not filed ex parte. This motion was filed on the docket like any other motion in the case publicly. You know, you say that. Ex parte versus, well, it was a public motion, which means it was filed in a public court record. Ex parte usually means without specific notice to the other side. The other side was provided notice through the ECF filing system. That is the notice system that is now being used. So they would get an e-mail generated when that motion is filed. And so by saying, my reference to it not being ex parte. And when that notice came out, how far in advance of the court ruling on the motion? I believe the court ruled the same day. So this was not exactly giving an opportunity to respond. The United States didn't control one way or another how long the district court was going to take to consider the motion. Let me broaden it out. Is it the government's position that there is no obligation to state a reason for this motion? It is, Your Honor. It's not required by Rule 48, and it is not required by any case law that I've been able to file. You mean if the judge asks why are you filing this motion on the eve of trial, you can say because I have an absolute right to do it? I don't think if the judge asked that question, I would intend to answer it to the best of my ability. I'm surprised if the judge didn't answer it. Ask it, I mean. He did not. How do we know that? Well, he did not ask for briefing, and he didn't make any inquiry. How do we know that? Is that in the record on appeal, or are you just telling us because you were there? The record on appeal is that all that was filed was the motion, and the judge entered its order the same day. There is no evidence that there was any communication with either party with respect to the motion by the court before entering the order. But if the court asks the question, does the government have to respond? I would intend to respond, whether we're bound by Rule 48. I would. Almost anybody would, but we're talking about the legal scope of leave of court and Rule 48. Leave of court is sort of a unique phrase in the law. It is not used very frequently. It's used all the time, at least in my civil practice. In civil practice, yes, far more. And so at least in the cases, because the discretion of the court is so limited in dealing with decisions of the executive, the power that rests with the executive, the discretion has been severely limited in the case law in terms of the district court's ability to deny a motion to dismiss. Well, now, wait a minute. You mean that the court can't decide that you waited too long to do this? The court can. And say that, you know, unless you can explain why I have to do this when we were going to pick a jury tomorrow, hypothetically, I'm going to deny your, I'm not going to grant leave of court. The court has no authority to do that? The court has some authority, and the areas under which the case law at least sets forth that court's authority would be if the defendant objects to the dismissal or when it's contrary to a manifesto. You didn't give them a chance here. We have to assume that this defendant objected. Well, Your Honor, the defendant did, in fact, ultimately object. I understand not in the original case, but he did file a motion to dismiss the second indictment and had an opportunity to litigate fully his claims about the dismissal of the first indictment during the pendency of the second case. So he actually moved to dismiss the second indictment. Is that part of this record on appeal? It is, Your Honor. It's part of the motions practice and the report and recommendation and adoption of the district court. Well, of course, that's what, a year later? I mean, in terms of the prejudice being argued now, it wasn't put in speedy trial terms, but it could have been. It was put in terms of counsel developed an impairment. I just... Well, Your Honor, counsel, just to be clear, Mr. Reed was counsel of record during the motions phase of the second indictment? In this 48A context, as I understand it, with a motion that is filed on the eve of trial, and the court says, why are you doing this? We're going to trial with the other two defendants. What's the reason for this? And the government says, I don't have to tell you that. And the court says, fine, I'll dismiss with prejudice. And to me, that would be completely within the court's discretion. I guess I can't answer that because that's not what happened in this case. No, but this is part of case, you know, sanctioning lawyers for messing up case management, if you will. Well, I mean, but in the criminal context. Right. So I think that the court certainly could have inquired if it had concerns about the reasoning. The defendant could have made a motion for reconsideration when the court dismissed it. Well, if we decide the court should have had concerns, what do we do with this appeal? I don't think you need to reach that because the defendant did have the opportunity to raise whatever concerns he had in the second case. He filed a motion to dismiss the second indictment. Well, to the extent that there was any prejudice or any... The horses were not only out of the barn, they were two counties away a year later. Well, I think that the fact that he filed the motion and the court considered it, the court actually offered him an opportunity post-motions hearing to brief additional briefing on what prejudice he had suffered and why he believed that the second indictment should be dismissed as a result. Because the court gave him that opportunity not once but twice to do that briefing, I think he did have due process in this case, and the court did consider the reasons and the briefing that he had. Unfortunately, he did not allege any prejudice separate from the fact that he was retried, which is the same prejudice that he has alleged today, which obviously is not a barring prejudice because Rule 48 and the case law permit cases to be dismissed and a person to be retried as long as it's within the statute of limitations and there's not bad faith or improper prejudice. With that, Your Honors, I will rest on my briefing. I see no questions. Mr. Reed, your rebuttal. Counsel's recollection, I guess, is different than mine or better because I do not recall two opportunities to make additional submissions. Whatever, you know, I guess I'll just stand on the record. The bottom line is that what the district,  was submitted to the District of Columbia was that the District of Columbia was made after the new indictment. The court appeared to shift to the defendant to justify our objection to their motion to dismiss when it was our position that the government should have met the burden of proof with respect to the issues that I raised. In the initial proceeding, the court, in deciding that it was going to deny the motion to dismiss, focused on bad faith and said that the government would have difficulty proving a negative. It shifted the burden to us to prove that they acted in bad faith when we don't know what they were doing because there was no hearing, because we were not able to be present. That alone, I would submit warrants reversal and dismissal of the indictment. Thank you, Mr. Ford.